UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA FERNANDES,<br><br>　　Plaintiff,<br><br>v.<br><br>CRITERION CHILD ENRICHMENT, INC.<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil No. 4:21-CV-40124-MRG<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER ON PLAINTIFF'S MOTION FOR DISALLOWANCE OF COSTS [ECF NO. 47]

**GUZMAN, J.**

　　This case arises out of claims brought by Lisa Fernandes ("Fernandes") against her employer, Criterion Child Enrichment, Inc. ("Criterion") for disability discrimination, interference, and retaliation under Mass. Gen. Laws. ch. 151B, Mass. Gen. Laws ch. 152 § 75B, and the Americans with Disabilities Act ("ADA"). On September 30, 2024, this Court granted summary judgment in favor of Criterion and entered judgment accordingly. [See Summ. J. Order, ECF No. 40]. Fernandes appealed the decision to the First Circuit Court of Appeals, where the appeal remains pending.[1] Before the Court at this time is Fernandes's motion for the disallowance of costs identified in Criterion's bill of costs. [ECF Nos. 45, 47]. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for the disallowance of costs.

---

[1] Another session of this Court found that deciding a motion for the disallowance of costs was proper despite an appeal pending in the First Circuit. See Caruso v. Delta Air Lines, Inc., 616 F. Supp. 3d 132 (D. Mass. 2022).

I.      **LEGAL STANDARDS**

Under Fed. R. Civ. P. 54(d)(1), a prevailing party may recover costs other than attorney's fees "[u]nless a federal statute, these rules or a court order provides otherwise[.]" Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs." Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013).

Recovery pursuant to Rule 54(d)(1) is governed by 28 U.S.C. § 1920 ("§ 1920"), which "identifies specific expenditures that may be included in the calculation of the recoverable costs." Caruso, 616 F. Supp. 3d at 135. Under § 1920, "[a] judge . . . may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case[,]" and "(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920. Typically, costs may only be awarded within the categories set forth by § 1920. See In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 964 (1st Cir. 1993) ("Rule 54(d) cannot be stretched beyond the parameters defined in section 1920." (citations omitted)); Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441 (1987) ("If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever."). Therefore, the Court will disallow any costs that are not outlined by § 1920.

The language of § 1920 stating that courts *may* tax costs in favor of the prevailing party means that federal courts have discretion to refuse costs in certain circumstances. Crawford Fitting, 482 U.S. at 442. The First Circuit has held that district courts must offer explanations for denying costs "unless the basis for denying costs is 'readily apparent on the face of the record.'"

B. Fernández & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008) (quoting In re Two Appeals, 994 F.2d at 963).

## II.   DISCUSSION

Criterion submitted a bill of costs totaling $3656.25.[2] [ECF No. 45]. They seek to recover the fees associated with the removal to federal court ($455.50); depositions of the Plaintiff ($957.65), Maura E. Murphy ($717.95), Margaret W. Finnegan ($640.90), and Shawna Jones ($298.00); as well as fees associated with the "logistics, processing, and electronic files for deposition of Plaintiff," ($586.25). [Id.].

### A.   Removal Fees

28 U.S.C. § 1920(1) states that "[f]ees of the clerk and marshal" are recoverable. Courts in this district "consistently recognize 'that the costs of removing a case from state to federal court are "taxable costs" under [§ 1920].'" Gregg v. Ne. Univ., No. 21-11495-JGD, 2024 WL 4393302, at *2 (D. Mass. Oct. 2, 2024) (collecting cases). This remains the case "even though removal is a voluntary decision on the part of a defendant." Id. (citing Bisbano v. Strine Printing Co., Inc., No. CA 10-358ML, 2013 WL 3246089, at *1 (D.R.I. June 26, 2013)). Accordingly, the removal fees in the amount of $455.50 are taxable.

### B.   Depositions

Criterion seeks a total of $2,514.50 in deposition costs. Fernandes argues that she should not have to bear the costs of depositions of Criterion's own employees. [Pl.'s Mem. at 3, ECF

---

[2] The Court uncovered that many of the costs submitted by Criterion were inaccurate when compared to the invoices they attached in their opposition to Fernandes's motion for disallowance. The amounts as stated by the Court are true to the amounts listed in the invoices. [See ECF No. 51-1].

3

No. 49]. In addition, Fernandes argues that the Court holds the discretion to deny recovery of deposition costs that were not used in trial. [Id.].

Section 1920 states that "[f]ees for printed or electronically recorded transcripts *necessarily obtained for use in the case*" are recoverable. (emphasis added). When deposition transcripts "are introduced in evidence or used at trial, their costs are generally recoverable." Brigham & Women's Hosp., Inc. v. Perrigo Co., 395 F. Supp. 3d 168, 172 (D. Mass. 2019). The fact that transcripts of depositions were not explicitly used in trial does not prevent a prevailing party from recovering associated costs. Courts may exercise their "discretion to award costs if 'special circumstances' exist, including, for example, when the prevailing party relies on the transcripts in a dispositive motion." Brigham & Women's, 395 F. Supp. 3d at 172 (quoting Sharp v. Hylas Yachts, Inc., No. 11-11814-JCB, 2016 WL 10654435, at *2 (D. Mass. June 14, 2016)). In some cases, the costs of transcripts may be warranted when they are "necessarily relied on at summary judgment." Keurig, Inc. v. JBR, Inc., No. 11-11941-FDS, 2014 WL 2155083, at *3 (D. Mass. May 21, 2014) (collecting cases). Even when depositions are not used at trial, courts in this District have found that when depositions are taken of key witnesses or noticed by the plaintiff, they may be recovered. See Great N. Ins. Co. v. E. Propane Gas, Inc., No. 15-12955-JGD, 2017 WL 2434776, at *2 (D. Mass. June 5, 2017) (allowing prevailing party to recover cost of deposition when it was not used in trial, but deposition was presumably noticed by plaintiff because he was the key witness).

In the instant case, the depositions of Fernandes herself, Margaret W. Finnegan, and Shawna Jones were explicitly mentioned and cited in the Court's Summary Judgment Order. [See, e.g., Summ. J. Order at 2, 7, 23]. Additionally, Plaintiff's response to the statement of material facts relied upon throughout the order explicitly mentions the deposition of Maura E.

4

Murphy. [See, e.g., ECF No. 31 ¶ 31]. Therefore, it is clear that these depositions were "necessarily relied on at summary judgment." Keurig, 2014 WL 2155083, at *3. Accordingly, the deposition transcripts of Murphy, Finnegan and Jones would be taxable in the amounts of $717.95, $640.90, and $298.00, respectively.

With respect to the Fernandes deposition costs, Criterion's submissions are less clear. In its bill of costs, Criterion requests "$958.30 total for transcript of and exhibits to deposition of Plaintiff, *which took place over two separate days*." [ECF No. 45-1 at 2 (emphasis added)]. Criterion also requested "$585.60 total for logistics, processing, and electronic files for deposition of Plaintiff, which took place over two separate days (included as 'Other' costs in the Bill of Costs)." [Id.]. As stated, their Bill of Costs lists the $585.60 amount under 'Other', but it does not itemize the costs as required by the form. As mentioned, *supra*, many of the amounts Criterion requested in its Bill of Costs differ from the invoices it attached in its opposition to Fernandes's motion for disallowance of costs. Prevailing parties declare in their Bill of Costs "under penalty of perjury that the foregoing costs are correct." [See ECF No. 45]. While the discrepancies in costs may be trivial, it is not the Court's responsibility to correct the inconsistencies found in Criterion's Bill of Costs. In addition to these discrepancies, the Court also found Criterion's descriptions of the requested costs to be perplexing. Criterion asserts that the $586.25[3] amount includes "the ancillary costs to obtain [the] transcript" of Plaintiff's depositions, comprising of "exhibit processing fees, attendance fee, electronic file format fee, and travel/transportation expenses." [Def.'s Opp. at 5, ECF No. 51]. However, when reviewing the invoices attached to Criterion's opposition to Fernandes's motion, it is clear that the $586.25

---

[3] The Court will revert to using the accurate costs after addressing the discrepancies between the Bill of Costs and the attached invoices.

amount refers to the Volume I deposition of Fernandes itself. [See ECF No. 51-1 at 10-11]. The $957.65 amount therefore refers to the Volume II deposition of Fernandes. [Id. at 13]. When a party petitions for taxable costs, like with attorney's fees, it is not the purview of the Court to "sort out the [party]'s perplexing submission" in order to glean the accurate costs. See Full Spectrum Software, Inc. v. Forte Automation Sys., Inc., 125 F. Supp. 3d 301, 304 (D. Mass. 2015).

Since the Court has the discretion to disallow costs where appropriate, see Crawford Fitting, 482 U.S. at 441, it will allow Criterion to recover $957.65, but it will disallow the $586.25 amount for Fernandes' depositions due to the numerous errors in Criterion's submissions for costs.

### C.  Other Factors

Fernandes presents a few reasons the Court should consider disallowing the costs Criterion seeks. She argues that her limited financial means and the great disparity in wealth between her and Criterion should be considered. [Pl.'s Mem. at 5]. Additionally, Fernandes argues that her action was brought in good faith and "involved important issues regarding her statutory rights, including claims for discrimination and retaliation based on disability." [Id. at 6].

In the District of Massachusetts, the Guide on Taxation of Costs advises courts not to consider certain objections commonly raised by parties. D. Mass Guide on Taxation of Costs, *available at* http://www.mad.uscourts.gov/resources/pdf/taxation.pdf (Dec. 28, 2000). Among the objections are that a losing party's lawsuit addressed important social issues, the good faith nature of an action, and financial status compared to the prevailing party. Id. Nonetheless, courts in this district have considered some of these factors in disallowing costs to prevailing parties.

See, e.g., Anunciacao v. Caterpillar Japan, Ltd., 283 F.R.D. 44, 45 (D. Mass. 2012); Gregg, 2024 WL 4393302, at *1-2. Additionally, when cases involve close questions, "the presumption favoring an award of costs to a prevailing party is weaker." Estate of Hevia v. Portrio Corp., 602 F.3d 34, 47 (1st Cir. 2010). In cases such as these, district courts "ordinarily [do] not abuse [their] discretion by denying court costs to a prevailing party." Id. (citing B. Fernández, 516 F.3d at 28). This Court presided over the summary judgment determination, which was a relatively close case. Therefore, it may be appropriate in this instance to consider "'whether the imposition of full costs would be a severe hardship' and 'whether there is a great disparity in the financial resources of the parties.'" Anunciacao, 283 F.R.D. at 45 (citation omitted).

Fernandes contends that her injury and termination from Criterion have prevented her from obtaining other employment. [Pl.'s Mem. At 5]. The only income she has received since the injury "are worker's compensation benefits" which she no longer receives on a weekly basis. [Id.]. Additionally, she has no prospects of obtaining future income, and her husband is also unable to earn income, resulting in reliance on "food stamps and other public assistance." [Id.]. These factors may be considered by the Court in determining whether to allow costs. Anunciacao, 283 F.R.D. at 45 (citation omitted). While Fernandes brought the action against Criterion in the first place, the Court still finds it appropriate to limit the costs that she is obligated to pay in light of the factors presented.

Thus, the Court will follow the lead of other courts in this district and use its discretion to prevent the Defendant from recovering the costs of depositions of its own employees. See, e.g., Trs. of Bos. Univ. v. Everlight Electronics Co., Ltd., 392 F. Supp. 3d 120, 136 (D. Mass. 2019) (collecting cases) (denying prevailing party costs for transcripts of depositions of their own employees); Gregg, 2024 WL 4393302, at *2 (denying costs of prevailing party's own

7

witnesses' depositions). While the Court ruled, *supra*, that the depositions of Finnegan, Jones, and Murphy may be taxable as costs, it nonetheless finds that limiting the costs of these depositions is appropriate.

### III.     **CONCLUSION**

Fernandes's motion for disallowance of costs is **GRANTED** in part and **DENIED** in part. Criterion may recover the fees associated with removal to federal court ($455.50) and the cost of Fernandes's deposition in the amount of $957.65 for a total of $1413.15.

**SO ORDERED.**

Dated: January 6, 2025

                                                         /s/ Margaret R. Guzman
                                                        Margaret R. Guzman
                                                        United States District Judge